UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Gerald Taylor,<br>Petitioner,<br><br>v<br><br>United States of America,<br>Respondent. | Cause No.: 1:03CR 00108-01T |

MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. 3582 (c)(2)
SUBSEQUENT U.S.S.G. AMENDMENT 709

## TABLE OF CONTENTS

(1) Table of Authorities
(2) Jurisdiction
(3) Statement of Facts
(4) Conclusion
(5) Certificate of Service

## TABLE OF AUTHORITIES

(1) Collins vs Youngblood 497 U.S. 37.42 (1990)

(2) United States vs Broderson 67. F.3d 452 456 2nd Cir. (1995)

## JURISDICTION

Jurisdiction is invoked through 18 U.S.C. 3231. The District Court shall have original Jurisdiction.

## STATEMENT OF FACTS TO SUPPORT THIS MOTION

This year, Congress amended 3553 (a)(4) to provide that courts must also apply any changes made by Congress, even if not yet incorporated into the **official sentencing** guidelines 18 U.S.C. 3553 (a)(4)(A)(i) Courts shall consider the current guidelines subject to any amendments made to such guidelines by Act of Congress regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (P) of Title 28 Protect Act. Pub L. 108-21 401 (j)(5).

Notwithstanding this statutory requirement, the **Ex Post Facto Clause** in Article 1, 9, d3 of the United States Constitution prohibit retroactive increases in punishment. <u>**See Collins vs Youngblood**</u> 497 U.S. 37 42 (1990). Hence if a court determines that a current guideline and any applicable amendments makes more burden-

some the punishment for a crime after its commission, the court cannot apply the amendments but must instead apply the guideline in effect at the time the offense was committed. See U.S.S.G. 1 B1.11(b)(1). For Ex Post Facto Purposes the controlling date is the last date of the offense as alleged in the indictment. United States vs Broderson 67 F.3d 452, 456 2cd Cir (1995) U.S.S.G. 1B1. 11(b). Petitioner is now asking this court to apply amendment 709 and to adjust his sentense to the Amendment on priors, charges thast were used at time of sentencing they should of not been used. Since they didn't carry a sentence of more than one year the court enhanced Petitioners Sentence and used these prior conviction score on his offense level. We now ask this Honorable court to resentence petitioner under the new amendment 709.

(1) 03-02-2001 Driving without/expired license-NoLo $250 +cc - Portsmouth

(2) 09-13-2000 Driving without a license summoned - Portsmouth

(3) 08-14-1999 Domestic Assualt- Providence

(4) 08-14-1999 Malicious mischief - Providence

(5) 11-16-1998 Poss stolen plates, 11-16-1998 N 1yr ss Prob w/cost Cranston

(6) 02-12-1997 Tresspass, 03-24-1998 N 1yr ss/prob conaurrent

(7) 02-12-1997 Del coc and conspiracy, 03-24-1997 N 10yr Aci 18ms. Ts. 102 ms ss prob per charge.

(8) 01-19-1997 Tresspass

(9) 01-14-1997 Poss stolen auto

(10) 01-25-1995 ADW, 02-13-1995 10yrs Aci 2 yrs Ts, 13yrs ss prob

(11) 01-25-1995 Poss Heroin , 02-13-1995 3 yrs ss prob

(12) 01-25-1995 Poss stolen handgun , 02-13-1995 10yrs Aci 2yrs Ts, B ys ss/ prob

(13) 09-27-1994 Poss w/int to del Heroin

(14) 09-27-1994 Mana/Del Heroin, 09-28-1994 NoLo 5yrs Aci, Serve 6 months 54 ms ss prob

## CONCLUSION

Petitioner is now asking this Honorable court to grant this motion and remove these points that were used on petitioner offense level on this instant offense, and resentence petitioner under amendment 709.

Respectfully Submitted,

Gerald Taylor

# CERTIFICATE OF SERVICE

I Gerald Taylor under the penalty of perjury am the petitioner and acknowledge that the foregoing are true and correct to the best of my knowledge.

Gerald Taylor
Respectfully Submitted,

Date: 7-18 08

I Gerald Taylor under the penalty of perjury also declare that by using the United States Postal Service, one copy has been sent postage prepaid by U.S. mail to the United States Attorneys office in the District of Rhode Island.