**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.R. NO. 03-108-T |
| | : | |
| GERALD TAYLOR | : | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION TO MODIFY SENTENCE**

The United States of America hereby objects to the defendant's Motion to Modify Sentence for the reasons stated in the accompanying memorandum of law.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard W. Rose
RICHARD W. ROSE
Assistant U.S. Attorney
RI Bar #4522
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000-Fax (401) 709-5001
email richard.rose@usdoj.gov

CERTIFICATE OF SERVICE

On this 28th day of July, 2008, I caused the Government's Objection to Defendant's Motion To Modify Sentence to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Gerald Taylor
Reg. No. 05375-070
FCI Beckley
Federal Correctional Institution
P.O. Box 350
Beaver, WV 25813

Kristin Mattias
US Probation Officer
US Probation Office
2 Exchange Terrace
Providence, RI 02930

/s/ Richard W. Rose
RICHARD W. ROSE
Assistant U.S. Attorney
RI Bar #4522
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000-Fax (401) 709-5001
email richard.rose@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | C.R. NO. 03-108-T |
| | : | |
| GERALD TAYLOR | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO MODIFY SENTENCE**

## I. INTRODUCTION

The defendant has moved to modify his original sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG Amendment 709. For all of the following reasons, the defendant's motion should be denied.

## II. PROCEDURAL HISTORY

On February 13, 2008, the defendant pled guilty to a single count indictment charging him with being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The defendant had a base offense level of 24 (USSG § 2K2.1(a)(2)) and was credited with a three level decrease for acceptance of responsibility. As part of his plea agreement the government agreed not to seek an enhancement pursuant to 18 U.S.C. § 924(e) (armed career criminal). The defendant's total offense level was 21 and he had a criminal history category of VI based on 18 criminal history points. On May 21, 2004, the defendant was sentenced to a term of seventy-seven (77) months imprisonment. By his motion, the defendant seeks a recalculation of his

criminal history category based on a November 2007 amendment to the Sentencing Guidelines. Because the amendment was not made retroactive, the defendant's motion should be denied.

## III. ARGUMENT

The defendant has moved to modify his sentence based upon Amendment 709 of the sentencing guidelines. The defendant's view is that his sentence should be recalculated because the new rules would result in a lower criminal history category and presumably a lower sentence. Even if true, Amendment 709 has not been made retroactive and the defendant is not entitled to any relief.

### A. Amendment 709 Is Not Retroactive and the Defendant Is Not Entitled to Any Relief

On November 1, 2007 long after the defendant's judgment became final, the U.S. Sentencing Commission adopted Amendment 709 which changed the way some offenses are calculated when determining a defendant's criminal history category. See USSG., Supp. To App. C., Amendment 709 (2007). Amendment 709 was not, however, made retroactive. United States v. Godin, 522 F.3d 133, 135 (1st Cir. 2008) citing United States Sentencing Commission, Supplement to the 2007 Guideline Manual, § 1B1.10(c) (March 3, 2008) (not listing Amendment 709).[1] Amendments which are not

[1] Godin dealt with Amendment 709, which was then pending, and remanded for resentencing because even though the amendment was not made retroactive, the there pending appeal had not yet resulted in a final disposition. Mr. Taylor's case presents no such window of opportunity.

listed in USSG § 1B1.10(c) are not to be applied retroactively. Absent a retroactive application there is simply no basis for a resentencing. See United States v. Baker, 2008 WL 1927149 (E.D. Ark); U.S. v. Ashley, 2008 WL 681053 (M.D. Fla.) (discussing application of 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10(a)(1)).

**IV. CONCLUSION**

For the foregoing reasons the defendant's motion should be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ Richard W. Rose
RICHARD W. ROSE
Assistant U.S. Attorney
RI Bar #4522
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000-Fax (401) 709-5001
email richard.rose@usdoj.gov

CERTIFICATE OF SERVICE

On this 28th day of July, 2008, I caused the Government's Memorandum of Law in support of its Objection to Defendant's Motion To Modify Sentence to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid:

Gerald Taylor
Reg. No. 05375-070
FCI Beckley
Federal Correctional Institution
P.O. Box 350
Beaver, WV 25813

Kristin Mattias
US Probation Officer
US Probation Office
2 Exchange Terrace
Providence, RI 02930

/s/ Richard W. Rose
RICHARD W. ROSE
Assistant U.S. Attorney
RI Bar #4522
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
(401) 709-5000-Fax (401) 709-5001
email richard.rose@usdoj.gov